UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ABRAHAM COBIAN, on behalf of himself and all others similarly situated, Plaintiff, v. BET INFORMATION SYSTEMS, INC., Defendant. | Case No.: 3:25-cv-01999-GPC-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 7] |
|---|---|

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for September 3, 2025. ECF No. 7.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); ECF No. 6 at 6–7 (same); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause"

is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

     Here, the parties seek a 90-day continuance of the ENE and CMC. ECF No. 7. They explain that Defendant plans to file a motion to compel arbitration, which Plaintiff intends to oppose. *Id*. at 2. Plaintiff also contends that he will need to conduct arbitration-related discovery, and the parties are presently discussing the scope. *Id*. They explain that "a brief[1] continuance" of approximately 90 days will "conserve judicial resources while the Parties work through the issues related to enforcement of the arbitration agreement and potential discovery related thereto." *Id*. at 3. However, the parties do not expand further. For example, the parties do not propose a date certain that Defendant intends to file its motion to compel arbitration. Defendant does not represent that the motion has been drafted at this time or the status thereof. Plaintiff does not represent that he has determined precisely what discovery is sought, or suggest a deadline for any informal production. The Court also notes that the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules and the Court's Order setting the conferences. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the

---

[1] The Court notes that a 90-day continuance of an ENE is not "brief." Local Rule 16.1(c) requires that an ENE take place within forty-five days of the filing of the first answer. If a 90-day continuance was granted, the ENE would occur 120 days after the answer.

specific reasons why the deadlines cannot be met"); ECF No. 6 at 7 (same). Aside from being required, a declaration would have been helpful to the Court in resolving the many omissions noted above.

Upon due consideration, the Court does not find good cause for a continuance. Therefore, the Court **DENIES** the parties' joint motion. ECF No. 7. The Court finds that an "informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case," (ECF No. 6 at 1–2), would be beneficial to the parties at this time. The Court also finds that its assistance regarding arbitration-related discovery will be beneficial to the parties and will keep the case on track. The Court will, however, modify the conferences as follows:

1. The ENE set for **September 3, 2025** at **3:30 p.m.** *via videoconference* before the Honorable Allison H. Goddard **remains on calendar**. The Court notes to the parties that this conference was only planned to last approximately one hour.

2. Named parties, party representatives, and claims adjusters for insured defendants are **EXCUSED** from attending the ENE. The primary attorney(s) responsible for the litigation are still required to attend.

3. The deadline for filing the Joint Case Management Statement is *slightly continued* to **August 28, 2025**. *See* ECF No. 6 at 3.

4. The deadlines for emailing to efile_goddard@casd.uscourts.gov (not filed) the Confidential ENE Statements and Participant Lists **remain** on **August 28, 2025**. *See* ECF No. 6 at 2–3, 5–6.

5. All other videoconference procedures and requirements set forth in the Court's original Order setting the ENE and CMC remain in place. *See* ECF No. 6 at 3–6.

**IT IS SO ORDERED.**

Dated: August 26, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge